**ACCURATE DIE CASTING CO., Plaintiff-Appellee, v. CLEVELAND (City), Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22641. Decided February 25, 1953.

232

Ewing & Hecker, Baker, Hostetler & Patterson, Cleveland, for plaintiff-appellee.

Joseph H. Crowley, Law Director, Joseph F. Smith, Asst. Law Director, Cleveland, for defendant-appellant.

(DOYLE, PJ, STEVENS, J, and HUNSICKER, J, of the Ninth District sitting by designation in the Eighth District.)

## OPINION

By STEVENS, J.:

Plaintiff, a corporation, was engaged in the business of making high pressure, precision die castings of metal alloys, on die casting machines located in its plant at 3089 East 80th Street, Cleveland, which plant is located in a watershed known as Kingsbury Run.

On June 2, 1947, plaintiff's plant was flooded by the waters resulting from a heavy rain, and substantial damage was sustained by it.

The plant was again flooded on August 30, 1947, and on March 21, 1948, as the result of heavy rains, and further damage accrued on each of said dates.

Plaintiff then sued defendant City, and certain other defendants, for damages incurred in each of said floods, and for injunction, the action being based on plaintiff's claim of negligence of said City, which it was alleged proximately caused plaintiff's damage. Damages in the amount of $331,877.12 were claimed.

During the trial, all defendants except the City of Cleveland were dismissed on application of plaintiff, and the action proceeded against the City as the sole defendant.

After a lengthy trial, the case was submitted to a jury, which returned a verdict for plaintiff in the amount of $130,000

Motion for a new trial was duly filed, and overruled, and judgment entered upon the verdict.

An appeal on questions of law brings before this court the propriety of said judgment.

The errors assigned and argued by appellant (City) are as follows:

1. The evidence was insufficient to establish a cause of action against the defendant City.

2. The plaintiff failed to exercise ordinary care for the protection of its property.

3. Error in admission of testimony offered by the plaintiff.

4. Error in exclusion of testimony offered by the defendant.

5. Misconduct of the prevailing party, and the court.

6. Error as to charges given or refused by the court.

Plaintiff based its claim against the City upon two grounds:

1. That in the construction of sewers by the City, and in the adoption of privately-constructed sewers for public use, the City caused a concentration of the flow of water from the Kingsbury Run watershed, augmented by additions of water artificially collected from other watersheds and cast into the Kingsbury Run sewer, knowing that the sewer west of plaintiff's plant was inadequate to handle the flow of water present in times of heavy rainfall; with the result that water which should have gone into said sewer overflowed therefrom or could not get into said sewer, and flowed onto plaintiff's property.

2. That the City, by its adoption of the grade at East 79th Street, and by filling to said grade line, caused to be erected a dam or barrier across Kingsbury Run, without providing a large enough outlet there through, so that the natural flow of the water could escape from said outlet, with the result

that said water so imprisoned was cast over and upon plaintiff's property, to its damages.

There is credible evidence contained in this record that the City did divert water into the Kingsbury Run sewer east of plaintiff's plant which normally would have flowed into said sewer at a point west of said plant, thereby substantially increasing the flow of storm water and sewage in Kingsbury Run.

There is also credible evidence that the City did use the culverts under the New York Central and Pennsylvania Railroad tracks at a point easterly of plaintiff's plant, and connected its Kingsbury Run sewer thereto; that the construction at the juncture of the New York Central and Pennsylvania culverts was such as to constitute a trap, with an outlet of smaller diameter than the inlet into the open catch basin; that at times of high water the catch basin overflowed, and the water therefrom drained to the west, and over plaintiff's property.

There is further credible evidence that the sewer at East 79th Street was so constructed as to be unable to discharge the flow of surface water and sewage in times of heavy rain, with the result that the water and sewage were held on plaintiff's property, which was located at the low point on East 80th Street.

The evidence shows that the defendant City knew of all the foregoing prior to the first flood on June 2, 1947, and in fact, with the exception of the construction of the culverts under the railroad tracks, created the conditions of which plaintiff complains.

The law with reference to the liability of a municipality for flooding one's premises seems to us to be well stated in **Price v. City of Akron, 23 Oh Ap 513,** where Washburn, J., said, at p. 519:

"If I have a low lot which needs draining, and which adjoins a city street, and the city adopts a plan of drainage for that neighborhood, and constructs the same in said street, and the drain so provided fails to drain my lot, the city would not be liable to me; but, if the drain so provided by the city not only fails to drain my lot, but casts upon it water that otherwise would not have flowed or reached my lot, and thus adds to the depth of water standing on my lot, and the city has notice that such drainage system so operates to injure and damage my property, it becomes its ministerial duty to remedy the situation so as to discontinue such direct invasion of my rights, and it is liable for a negligent failure to perform that ministerial duty."

To the same effect are: **Doud v. City of Cincinnati, 152 Oh St 132, paragraph 2** of syllabus; McBirde v. City of Akron, 12

C. C. 610; **City of Toledo v. Lewis,** 17 C. C. 588 (affirmed, 52 **Oh St 624).**

Under the law as above set forth, and in the face of the evidence contained in this record, we are unanimously of the opinion that there was presented a proper case for submission to a jury, and that the trial court did not prejudicially err when it overruled defendant's motions for a directed verdict.

Appellant next claims that appellee was guilty of contributory negligence as a matter of law in: (a) selecting its factory site at the low spot on East 80th Street, and (b) in failing to exercise ordinary care for the protection of its property.

The record evidence shows that the plaintiff's president, Mr. Suvak, knew that 80th Street in front of its plant had been flooded prior to the time of the formation of plaintiff corporation and its acquisition of the factory in question, but Mr. Suvak testified he did not know that the factory had ever been flooded until after he had moved into the factory. The floor of the factory is four feet above the low point on East 80th Street, and hence water would have to reach a depth of four feet in the street before it could enter plaintiff's factory.

Certainly no reasonable person would anticipate that the City would create a situation where the water in the street would attain a depth of four feet and then flow into plaintiff's plant, rather than be carried off by the sewers, in the absence of an act of God.

The evidence shows that plaintiff did much to protect itself against flooding damage. It organized and instructed its employees as to steps to be taken in the event of heavy rains, which included placing barricades in 80th Street and removal of manhole covers, and before the flood of March 21, 1948, it installed flood doors to protect against a rise in excess of four feet in East 80th Street. Also, it complained to the City concerning the flooding of its premises.

But, despite defendant's motion therefor, the trial court did not resolve the question of plaintiff's claimed contributory negligence as a matter of law, instead, it submitted that issue to the jury, under a proper charge.

In so doing, we think no prejudicial error intervened.

The next error assigned has to do with the manner in which plaintiff proved many of the items of damage, allegedly suffered by it because of the several floods.

The method adopted by plaintiff was the presentation of four summaries of damages, identified as plaintiff's exhibits 55, 56, 57 and 58, wherein the various items of damage in four different categories were set forth.

These summaries were prepared by Mr. Hozza, cost account-

ant of plaintiff, with the assistance of Edward Kovachy, C. P. A., and auditor for plaintiff, in accordance with a request made by counsel for defendant at the time of taking the deposition of Mr. Suvak, president of plaintiff company .

While no legal importance can be attached to said request in a consideration of the propriety of such method of proving damages, it appears to us that, under the circumstances shown by this record, such method of proof was the only one available to plaintiff, and that objections thereto went to the weight rather than the competency of such evidence.

It is shown that no perpetual inventory of office supplies, repair parts, work in process, or finished merchandise, was kept by plaintiff. That after each of said floods, compilations of the damage caused thereby were made by Hozza with the aid of Kovachy, in the several categories covered by the four exhibits mentioned above. Those compilations were made from documentary evidence furnished by foremen, timekeepers, and the several employees in charge of the various departments, of plaintiff. Much of the supporting documentary evidence, which was very voluminous, was in the court room in several large cardboard cartons. Some had been lost in the first two floods, and some for the third flood had been destroyed after being entered on the summaries by Hozza.

As to much of the material, Hozza could not possibly have had personal knowledge, and he entered on the summaries the information furnished him by those in charge of the particular departments of plaintiff. Such method of proof has been held competent in Ford v. State, 20 O. C. C. 592, which provides:

"2. Where books and documents are multifarious and voluminous, abstracts and schedules which have been prepared therefrom by an expert accountant may be admitted in evidence, but in such case the books and documents must either be first offered in evidence or be in the custody of the court so that the party against whom such abstracts and schedules are offered may have an opportunity from their examination to verify their correctness."

See also, Boston & Worcester Rd. v. Dana, 67 Mass 83.

The admission or rejection of the summaries was a matter which largely rested in the sound discretion of the trial court, and in admitting said summaries into evidence we find no abuse of discretion by the court.

It is strenuously argued by appellant that in almost all of the items of damage sought to be proved by plaintiff, replacement cost, rather than the reasonable value of the item before and after the damage thereto, is shown.

That is true, but the evidence of Mr. Suvak is to the effect that the replacement costs of the various items were the fair and reasonable costs thereof at the time of the damage, and again we believe that the objection goes to the weight to be given to the evidence, rather than to its competency. There was no showing here that the cost of replacement exceeded the difference in value of the property before and after the injury.

It is asserted that, as to labor costs of cleaning up the plant and machinery after each flood, the evidence shows the employment of high-priced employees of plaintiff in doing such work.

It must be remembered that the machinery, equipment and product of plaintiff were of precision type, and that the cleaning-up process involved the disassembling of intricate machinery, cleaning it, immersing it in oil, and then reassembling it. The cleaning of the product involved metallurgical knowledge and processes—scarcely work for common labor.

The flushing down of the plant and equipment is shown by the evidence to have been done by common labor.

The employment of plaintiff's employees in the cleaning-up process, it appears to us, may have saved, and probably did save, an aggravation or enhancement of plaintiff's damages through breakage and injury to machinery and equipment. which undoubtedly would have ensued had unskilled labor been employed.

It is further claimed by appellant that evidence as to damage to the rear wall of plaintiff's plant, and as to the cost of the relief sewer built by plaintiff, should not have been admitted.

In that connection, the second amended petition, upon which, together with the amendment thereof, the case was tried, prayed for $331,877.12 in damages. The verdict was for $130,000.

No interrogatories or special findings were submitted. so there is no possible way in which this court can know what damages were considered and awarded by the jury, except the amount thereof And even though error may have intervened in the proof of damages, once liability was established, errors in the admission or rejection of evidence, where the amount claimed exceeded the amount of the verdict, became immaterial.

"Where a cause of action is stated against a municipality, and the uncontradicted evidence shows liability for whatever damages resulted. and also that the plaintiff suffered greater damages than were allowed him by the jury, errors of law in the charge to the jury or in the admission or rejection of evidence become immaterial."

City of Cincinnati v. Roettinger, 11 C. C. (N. S.) 501.

The question of damages was submitted to the jury under a charge which required the jury to attach such weight to the testimony of Hozza and Kovachy, and the exhibits above mentioned, as the jury believed them entitled to receive. The weight to be given the evidence was clearly a question for the jury, and in view of the verdict of the jury, untested and unexplained, we find no reversible error upon the question of damages.

The next error assigned treats of the claimed error of the court in refusing appellant the right to introduce evidence showing that financial inability of the City caused its delay in building the relief sewer, which it did build in 1949 and 1950.

The reason assigned by the court for sustaining the objection to that evidence, was that it opened up too many collateral issues.

The evidence shows that the City knew as early as 1938 that the Kingsbury Run sewer from 80th Street west, had too little capacity to handle the flow of water from heavy rainfall; that in 1945 Mr. Richardson, the City's engineer, designed a relief sewer, and that said sewer was not built until 1949.

Why it was not built, unless plaintiff was responsible for the failure, could have no bearing upon the question of liability or non-liability of the City for the damage of which plaintiff complained.

We think the court did not prejudicially err in excluding that evidence.

As to the claim of misconduct of the court and of counsel for plaintiff, we have examined this record in its entirety, and at no place therein do we find a predicate for any claim of misconduct of either the court or of counsel. We hold that claim to be without merit.

Appellant next complains of the special charges of appellee, given before argument.

Charge No. 1 is taken from the case of Price v. City of Akron, the law of which we have herein earlier approved. We find no error in the giving of that charge.

Charge No. 2 dealt with the legal consequences attendant upon the City's raising the grade of East 79th Street, so as to dam the natural flow of the water in Kingsbury Run, and providing inadequate drainage through said dam to permit the escape of the water there-through, with the result that the water was penned in upon 80th Street, and caused to run into and upon plaintiff's property. The charge provided that if the jury found that the City did these things, and if such act was a proximate cause of plaintiff's plant being flooded, plaintiff was entitled to recover its damage so sustained.

The evidence bears out the claim of plaintiff as to the change of grade, and as to the subsequent flooding of plaintiff's premises.

The charge contains a correct statement of the applicable law, and we find no error in its being given.

The third charge given at the instance of plaintiff was taken from paragraph 2 of the syllabus of the case of Doud v. City of Cincinnati, supra; it is a verbatim statement of said paragraph, except for the omission of the words "and assumes the management and control of" from the final line thereof. The charge, with the words in question delected therefrom, states a correct proposition of law applicable to the facts of the instant case. No error intervened because the charge was given.

Charge No. 4 given at the request of plaintiff was an exact copy of the charge specifically approved by the Supreme Court of Ohio in **City of Piqua v. Morris, et al., 98 Oh St 42.**

Inasmuch as the appellant defended against liability on the basis, as to each of said floods, that they were acts of God, the charge in question was entirely germane to the case, and, needless to say, must be taken as a correct expression of the law therein contained. We hold that no error intervened because of the giving of said charge.

Charges Nos. 4 and 7 requested by the City, where refused by the court, and properly so. Each of said charges dealt with a factual situation which the evidence in this case did not present.

Charge No. 4 dealt with acceleration of flow in a natural watercourse, which was not the case here presented.

Charge No. 7 treated of a situation where plaintiff knew that its lot was subject to flooding, but built its plant thereon despite such knowledge.

There was no such evidence here presented.

Concerning the general charge of the court, the somewhat nebulous complaints of appellant thereto are not substantiated by a complete reading of the charge. While not as full and complete in some respects as might have been desired, yet it did correctly set out the law governing this case. We find no prejudicial error in the general charge as given.

The members of this court are unanimously of the opinion that substantial justice has been accomplished in this case.

The judgment is therefore affirmed. Exceptions noted. Order see journal.

DOYLE, PJ, HUNSICKER, J, concur.